| | | |
|---|---|---|
| | AUSA: John O'Brien | Telephone: (313) 226-9100 |
| AO 102 (01/09) Application for a Tracking Warrant    Special Agent: | Brittney Miller, DEA | Telephone: (313) 234-4000 |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

In the Matter of the Tracking of )
*(Identify the person to be tracked or describe* )
*the object or property to be used for tracking)* )
a white, 2013 Toyota Camry, bearing a State of Michigan ) Case No. 18-mc-50315-3
plate of DNT5515, VIN 4T1BF1FK0DU695192 )
)

## APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of __21__ U.S.C. § __841a1, 846__ . Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location. The application is based on the facts set forth on the attached sheet.

☑ The person, property, or object is located in this district.

☐ The person, property, or object is not now located in this district, but will be at the time of execution.

☐ The activity in this district relates to domestic or international terrorism.

☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

☑ evidence of a crime;

☑ property designed for use, intended for use, or used in committing a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ a person to be arrested or a person who is unlawfully restrained.

☑ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:

a white, 2013 Toyota Camry, bearing a State of Michigan plate of DNT5515, VIN 4T1BF1FK0DU695192.

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Brittney Miller, Special Agent, DEA
*Applicant's printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: July 11, 2018

*Judge's signature*

City and state: Detroit, MI

David R. Grand, U. S. Magistrate Judge
*Printed name and title*

## APPLICATION AND AFFIDAVIT SEEKING AUTHORIZATION OF TRACKING WARRANT

I, Brittney Miller, Special Agent of the Drug Enforcement Administration (DEA), having been duly sworn, do hereby state and depose as follows:

1. I am a Special Agent of the DEA, and, as such, I am an investigative or law enforcement officer of the United States, within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is authorized by law to conduct investigations of and to make arrests for offenses enumerated in Title 21, United States Code, Section 801, et seq., and Title 18, United States Code, Section 2516.

2. I have been employed as a DEA Special Agent since July 2016. I am currently assigned to the DEA Detroit Field Division Office, Detroit, Michigan. I have received specialized training while attending the DEA Training Academy in Quantico, Virginia, concerning illegal drug and money laundering offenses. During my employment with DEA, I have participated in complex drug trafficking investigations. During the course of these investigations, I have participated in surveillance, examination of financial records, controlled buys and execution of search warrants.

3. In addition to the above-mentioned training and experience, I have had the opportunity to speak with and observe several other federal and state officers who have extensive experience in drug and money laundering investigations and with

interpreting the coded language that individuals involved in these illicit activities commonly use, as well as knowledge of the patterns and behavior of individuals involved in drug trafficking organizations (DTOs) and money laundering organizations (MLOs), in the Eastern District of Michigan and elsewhere. I have also conferred with investigators who have extensive experience in writing and preparing Title III Affidavits and participating in Title III investigations. I have personally participated in the investigation of the offenses set forth below and, as a result of my participation and review of past and present reports made by other DEA Special Agents, as well as other state and local law enforcement agencies, I am fully familiar with the facts and circumstances of this investigation.

4. This affidavit is submitted in support of an application for a Search Warrant authorizing the installation and monitoring of a Global Positioning Satellite (GPS) Tracker on the **"Target Vehicle,"** a white, 2013 Toyota Camry, bearing a State of Michigan plate of DNT5515 and Vehicle Identification Number (VIN) 4T1BF1FK0DU695192, currently located in the Eastern District of Michigan. A search of Michigan License Plate DNT5515 affixed to the **Target Vehicle** through law enforcement indices shows the vehicle registered to Rodney Keith CARTER, 2545 Helen Street, Detroit, Michigan.

5. This affidavit also seeks authorization to remove and/or perform necessary maintenance on the GPS Tracker, anywhere within the continental United

States, should the device be rendered inoperable. The GPS Tracker will enable law enforcement officers to locate and track the **Target Vehicle** and assist law enforcement officers in avoiding detection during surveillance. Installation and monitoring of the GPS Tracker is being sought in furtherance of an investigation being conducted by the Drug Enforcement Administration (DEA) for violations of Title 21, United States Code, Sections 841(a)(1) and 846.

6. I have personally participated in the investigation set forth below. Affiant is familiar with the facts and circumstances of the investigation through my personal participation; from discussions with other agents of the DEA and other law enforcement personnel; and from my review of records and reports relating to the investigation. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information was provided by another DEA agent, law enforcement officer, or witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken or whose reports I have read and reviewed. Such statements are among many statements made by others and are stated in substance and in part unless otherwise indicated. Because this affidavit is being submitted for the limited purpose of securing an order authorizing the installation and monitoring of a GPS Tracker, I have not included the details of every aspect of the investigation. Facts not set forth are not being relied on in reaching my

conclusion that the requested order should be issued. Nor do I request that this Court rely on any facts not set forth herein in reviewing this application.

7. This application is submitted in connection with an ongoing DEA investigation of controlled substance trafficking offenses. Affiant submits that probable cause exists to believe that the installation and monitoring of a GPS Tracker will lead to evidence of offenses involving possession with intent to distribute and the distribution of controlled substances, including cocaine and heroin, and other controlled substances, and a conspiracy to commit these crimes, in violation of Title 21, United States Code, §§841(a)(1) and 846 (the "Target Offenses"), as well as the identification of individuals who are engaged in the commission of these offenses.

8. For the reasons set out in this affidavit, there is probable cause to believe that the Target Offenses have been committed, are being committed, and will continue to be committed by Rodney CARTER, and other unknown individuals (collectively the "Target Subjects"). Further, there is probable cause to believe that CARTER is using the **Target Vehicle** in furtherance of committing the Target Offenses.

## BACKGROUND OF INVESTIGATION

9. Affiant submits that there is probable cause to believe that the Target Offenses have been committed, are being committed, and will continue to be committed by Rodney CARTER, Jesus GUERRERO, Javier AVILA, Ruben

4

ALVAREZ Jr., and others known and unknown. Furthermore, there is probable cause to believe that CARTER is utilizing the **Target Vehicle** to continue to commit the Target Offenses.

10. On February 21, 2018, DEA learned about a possible drug stash house located on the second floor of 320 South Maple Street, Royal Oak, Michigan.

11. On February 21, 2018, at approximately 8:00 a.m., DEA Special Agents and Task Force Officers established surveillance at 320 South Maple Street. At approximately 10:42 a.m., agents observed FedEx deliver a package to the front door of 320 Maple. At approximately 11:34 a.m., Ruben ALVAREZ entered the front door of 320 South Maple Street. A short time later, agents observed Jesus GUERRER open the front door of the residence and retrieve the FedEx package from the front porch and then return inside.

12. Agents made contact with ALVAREZ, GUERRERO, and AVILA and a consensual search of the second floor was subsequently conducted. This search resulted in the seizure of approximately 1 kilogram of suspected heroin and approximately 1 kilogram of suspected cocaine. The drugs were concealed underneath a PlayStation video game console inside the FedEx box agents had observed on the front porch.

13. During a search of the premises agents also recovered FedEx documents including a receipt for packing materials in Roseville, Michigan, receipts that

memorialized shipments of packages from two unidentified addresses and one Detroit address to Long Beach, California, the home state of GUERRERO, ALVAREZ, and AVILA. A Target receipt revealed that on February 15, 2018, a purchase of a vacuum sealer and food saver bags was made. An additional Target receipt revealed that on February 19, 2018, a purchase of food saver bags was made. I know based on my training and experience that drug traffickers often utilize vacuum sealers to package both drugs and drug proceeds.

14.     Additional investigation related to the premises that was rented by GUERRERO and AVILA at 320 Maple, Royal Oak, revealed that it was for the primary purpose of receiving drugs from California and distributing them in the metropolitan Detroit area.

15.     Based on the dates reflected on the recovered Target store receipts, Investigators reviewed surveillance video of the Target Store located at 33860 S. Gratiot Ave., Charter Twp. of Clinton, Michigan taken on February 15, 2018. At approximately 1:25 p.m., investigators observed three males, identified as GUERRERO, AVILA and CARTER at the Target checkout line. Investigators observed GUERRERO purchasing several items. At approximately 1:29 p.m., investigators observed GUERRERO, AVILA and CARTER exit the target with a shopping cart containing several bags.  At approximately 1:30 p.m., investigators observed GUERRERO, AVILA and CARTER approach a white Toyota Camry,

6

matching the physical description of the **Target Vehicle,** in the parking lot of Target. Investigators observed GUERRERO, AVILA and CARTER place the bags into the trunk of the **Target Vehicle**. Investigators observed CARTER, GUERRERO and AVILA enter the vehicle and depart together.

16.     Investigators reviewed the surveillance video of the Target Store located at 28800 Dequindre Rd., Warren, Michigan, recorded on February 19, 2018. At approximately 1:40 p.m., investigators observed GUERRERO and AVILA being dropped off at the Target Store by a white Toyota Camry, matching the physical description of the **Target Vehicle**. Investigators observed GUERRERO and AVILA enter the Target store. At approximately 1:53 p.m., GUERRERO and AVILA were observed at the self-checkout where GUERRERO completed the transaction with cash. At approximately 1:53 p.m., investigators observed GUERRERO and AVILA exit the Target, AVILA appeared to be carrying two Target bags. At approximately 1:54 p.m., investigators observed GUERRERO and AVILA enter the backseat of the **Target Vehicle**. A few moments later, investigators observed CARTER, exit the Target store, and enter the driver's side door of the **Target Vehicle**. At approximately 1:55 p.m., GUERRERO, AVILA and CARTER departed the Target parking lot in the **Target Vehicle**.

17.     A check of CARTER's criminal history revealed that on three occasions, CARTER was arrested in the Detroit, Michigan area in possession of a controlled

7

substance. Specifically, on or about January 11, 2007, CARTER was arrested by DEA for Possession with Intent to Distribute Cocaine.

18. In addition, on May 11, 2018, CARTER was stopped by the Detroit Police Department in the **Target Vehicle.** CARTER was found in possession of cocaine, heroin, marijuana, oxycodone and Norco pills, and $75,630 United States Currency. CARTER was arrested by the Detroit Police Department for possession of a controlled substance.

19. On June 29, 2018, at approximately 7:00 a.m., investigators established surveillance in the area of 33883 Mint Court, Sterling Heights, Michigan, to survey CARTER. At approximately 10:02 a.m., CARTER was observed moving the **Target Vehicle** from the driveway to the street and exit the **Target Vehicle**. At approximately 10:23 a.m., CARTER was observed leaving the residence on a 2006 Harley Davidson motorcycle registered to Rodney Keith CARTER, 33883 Mint Court, Sterling Heights, Michigan. Shortly afterwards, Chenitta WHITE was observed departing in tandem with CARTER, in the **Target Vehicle.**

20. At approximately 10:55 a.m., CARTER and WHITE were observed at 6156 Crane Street, Detroit, Michigan. CARTER was observed talking to an unidentified male, FNU LNU, on the porch of the residence.

21. At approximately 11:03 a.m., CARTER was observed entering the driver's side of the **Target Vehicle.** At the same time, WHITE was observed entering

the passenger side of the **Target Vehicle.** CARTER was observed leaving the residence in the **Target Vehicle.** FNU LNU was observed departing the residence on the Harley Davidson motorcycle in tandem with the **Target vehicle.**

22. At approximately 11:51 a.m., CARTER, WHITE and FNU LNU were observed pulling into a residence located at 45260 Willis Road, Belleville, Michigan. CARTER, WHITE and FNU LNU appeared to be conversing around two motorcycles at the rear of the residence, with an additional unidentified white male.

## CONCLUSION

23. I am hereby requesting an Order authorizing the installation, monitoring and removal of a GPS tracking device on the **Target Vehicle**. I believe, based upon the foregoing statements, that Rodney CARTER is conspiring with others, some yet unknown, to distribute quantities of cocaine and heroin throughout the Eastern District of Michigan and elsewhere. I further believe that there is probable cause to believe that the Target Offenses have been committed, are being committed, and will continue to be committed by CARTER and, further, there is probable cause to believe CARTER is using the **Target Vehicle** to commit the Target Offenses.

## AUTHORIZATION REQUEST

24. Based upon the foregoing facts, your Affiant believes there is probable cause that the **Target Vehicle**, a black, 2013 Toyota Camry, bearing a State of Michigan plate of DNT5515 and Vehicle Identification Number (VIN)

9

4T1BF1FK0DU695192, is and will be utilized to further the trafficking of illegal drugs and/or illegal drug proceeds in violation of Title 21, United States Code, Sections 841 (a)(1) and 846, and requests authorization for the installation, monitoring, and removal of a GPS Tracking Device as described in paragraph 2 of this affidavit.

IT IS FURTHER REQUESTED that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the **Target Vehicle** outside of daytime hours. The installation[1] of a GPS tracker on a motor vehicle would require the person installing the tracking device to be in physical contact with the **Target Vehicle**, often in an area underneath the vehicle, for an extended amount of time. If the person installing the tracking device were to be observed by the target subjects, any person associated with the target subjects, or even the general public, the situation could become very dangerous to the person installing the tracking device, and the target subjects could become aware of law enforcement's investigation of them. For these reasons, your affiant has requested permission for the installation of the tracking device to be allowed on the specifically described private property addresses described above or any public property, should surveillance determine the location of **Target Vehicle** off of the aforementioned location, during both daytime and nighttime hours.

---

[1] For purposes of the authorization sought, references to "installation" herein include actions required to accomplish any necessary re-installation, maintenance, or

10

IT IS FURTHER REQUESTED that the warrant and this affidavit be sealed until further order of the Court to avoid jeopardizing the investigation and to better ensure the safety of agents and others, except that working copies should be made available to the United States Attorney's Office, the DEA, and any other law enforcement agency designated by the United States Attorney's Office.

IT IS FURTHER REQUESTED that pursuant to 18 U.S.C. § 3103(b) and Federal Rule of Criminal Procedure 41(f)(3), the Court authorize notice to be delayed for a period of at least 30 days after the termination of the execution of the warrant. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result by seriously jeopardizing the ongoing investigation, and such disclosure would give the individuals committing the aforementioned federal drug crimes an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution.

removal

I declare under penalty of perjury that the foregoing is true and correct.

_____
Brittney R. Miller, Special Agent
Drug Enforcement Administration

Sworn to before me and signed in my
presence and/or by reliable electronic means.

_____
HONORABLE DAVID R. GRAND
UNITED STATES MAGISTRATE JUDGE

DATE:   July 11, 2018

12

AO 104 (Rev. 07/16) Tracking Warrant

AUSA: John O'Brien　Telephone: (313) 226-9100
Special Agent: Brittney Miller, DEA　Telephone: (313) 234-4000

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

In the Matter of the Tracking of　　　　　　　　)
*(Identify the person, property, or object to be tracked)*　)
　　　　　　　　　　　　　　　　　　　　　　　)
a white, 2013 Toyota Camry, bearing a State of Michigan　)　Case No. 18-mc-50315-3
plate of DNT5515, VIN 4T1BF1FK0DU695192　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)

## TRACKING WARRANT

To:　Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government shows there is reason to believe that the person, property, or object described above has been involved in and likely will continue to be involved in the criminal activity identified in the application, and ☑ is located in this district; ☐ is not now located in this district, but will be at execution; ☐ the activity in this district relates to domestic or international terrorism; ☐ other: _____.

I find that the affidavit(s), and any recorded testimony, establish probable cause to believe that
*(check the appropriate box)* ☐ using the object　☑ installing and using a tracking device
to monitor the location of the person, property, or object will satisfy the purpose set out in Fed. R. Crim. P. 41(c) for issuing a warrant.

☑ I find entry into the following vehicle or onto the following private property to be necessary without approval or knowledge of the owner, custodian, or user of the vehicle or property for installing, maintaining, and removing the tracking device:

a white, 2013 Toyota Camry, bearing a State of Michigan plate of DNT5515, VIN 4T1BF1FK0DU695192.

**YOU ARE COMMANDED** to execute this warrant and begin use of the object or complete any installation authorized by the warrant by 07/20/2018 *(no later than 10 days from the date this warrant was issued)* and may continue to use the device until 08/24/2018 *(no later than 45 days from the date this warrant was issued)*. The tracking may occur within this district or another district. To install, maintain, or remove the device, you may enter *(check boxes as appropriate)*
☑ into the vehicle described above　　☐ onto the private property described above
☐ in the daytime 6:00 a.m. to 10:00 p.m.　☑ at any time in the day or night because good cause has been established.

Within 10 calendar days after the use of the tracking device has ended, the officer executing this warrant must both return it to *(United States Magistrate Judge)* the presiding United States Magistrate Judge on duty and — unless delayed notice is authorized below — serve a copy of the warrant on the person who, or whose property or object, was tracked.

☑ Pursuant to 18 U.S.C. § 3103a(b)(1), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and this warrant prohibits the seizure of any tangible property or any wire or electronic communications (as defined in 18 U.S.C § 2510). I therefore authorize the officer executing this warrant to delay notice to the person who, or whose property or object, will be tracked *(check the appropriate box)*
☑ for 30 days *(not to exceed 30)*　☐ until, the facts justifying, the later specific date of _____.

Date and time issued:　July 11, 2018　1:32 pm　　　　　*/s/ David G. _____*
　　　　　　　　　　　　　　　　　　　　　　　　　　　*Judge's signature*

City and state:　Detroit, MI　　　　　　　　　　David R. Grand,　U. S. Magistrate Judge
　　　　　　　　　　　　　　　　　　　　　　　*Printed name and title*

AO 104 (Rev. 07/16)  Tracking Warrant (Page 2)

Case No. 18-mc-50315-3

### Return of Tracking Warrant With Installation

1. Date and time tracking device installed: _____

2. Dates and times tracking device maintained: _____

3. Date and time tracking device removed: _____

4. The tracking device was used from *(date and time)*: _____

   to *(date and time)*: _____.

### Return of Tracking Warrant Without Installation

1. Date warrant executed: _____

2. The tracking information was obtained from *(date and time)*: _____

   to *(date and time)*: _____.

### Certification

I declare under the penalty of perjury that this return is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*